IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2016

## JOSEPH GILBERT WILLIAMS, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-D-3554      Mark Fishburn, Judge**

**No. M2015-02063-CCA-R3-PC – Filed May 18, 2016**

In 2013, a Davidson County jury convicted the Petitioner, Joseph Gilbert Williams, Jr., of violation of the sex offender registry, third offense.  The Petitioner appealed, and this Court dismissed the appeal for failure to file a brief as ordered.  *State v. Joseph Gilbert Williams, Jr.,* No. M2014-00019-CCA-R3-CD, (Tenn. Crim. App., at Nashville, July 10, 2014).  In 2015, the Petitioner filed a pro se petition for post-conviction relief, contending that the State failed to disclose favorable evidence to him and that he was denied the effective assistance of counsel.  The trial court summarily dismissed the petition as untimely filed.  The Petitioner then untimely filed his notice of appeal.  On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition.  Finding that the post-conviction petition was not timely filed, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Chelsea Nicholson, Nashville, Tennessee, for the appellant, Joseph Gilbert Williams, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Glenn R. Funk, District Attorney General; and Brian Ewald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

On December 2, 2011, the Davidson County grand jury indicted the Petitioner for violating the sexual offender registry.  The indictment alleged that the Petitioner:

Who is a "violent sexual offender" as that term is defined in Tennessee Code Annotated § 40-39-201, on the **29th** day of **September, 2011,** in Davidson County, Tennessee and before the finding of this indictment, unlawfully and knowingly did stand, sit idly, whether or not [the Petitioner] was in the vehicle, or remain within one-thousand (1,000') of the property line of any building owned or operated by any public school, to wit: Hume Fogg High School, which children under eighteen (18) years of age were present while not having a reason or relationship involving custody of or responsibility for a child or any other specific legitimate reason for being within one-thousand (1,000') of Hume Fogg High School, in violation of Tennessee Code Annotated §40-39-211, and against the peace and dignity of the State of Tennessee.

The indictment further stated that the Petitioner had previously been convicted of the same offense on February 22, 2011, and on August 25, 2011, making this his third offense.

On May 23, 2013, the trial court entered a judgment of conviction. The judgment showed that a jury convicted the Petitioner of the indicted offense. The trial court sentenced him as a Career Offender to six years: one year of incarceration followed by five years of Community Corrections. The Petitioner appealed to this Court. On July 10, 2014, this Court dismissed the appeal because the Petitioner failed to file a brief.

On August 4, 2015, the Petitioner filed a petition for post-conviction relief. He contended that the State failed to disclose favorable evidence and that he had received the ineffective assistance of counsel at trial.

The post-conviction court summarily dismissed the petition. It found:

It appearing to the Court that the above-named individual has, on the 31st day of July, 2015, filed a Motion requesting post-conviction relief. The [P]etitioner asserts that the prosecution failed to turn over favorable evidence, and that he was denied effective assistance of counsel.

On February 25, 2013, the [P]etitioner was found guilty after a jury trial of one (1) count of Violation of the Sex Offender Registry, and on May 23, 2013, was sentenced to 6 years at 60%, with one (1) year to be served at 100% and then to be released to Community Corrections. Subsequently, the Petitioner filed a motion, and was granted permission to file a pro se appeal.

2

On July 10, 2014, the Court of Criminal Appeals issued an Order dismissing Petitioner's direct appeal for want of prosecution. In its order, the Court noted that the Petitioner had been notified on May 19, 2014, that Petitioner had 30 days to file an appellate brief which the Petitioner had not done.

Tennessee Code Annotated §40-30-102(a) requires that petition be filed "within one (1) year of the date of final action to the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." And unless the claim is based on the exceptions listed under § 40-30-102 (b), the Court shall no longer have jurisdiction over the matter.

After reviewing the petition, the Court finds that the petition is time barred because the one (1) year statute of limitations has expired. Furthermore, the Court finds no grounds which would preclude the application of the statute of limitations as allowed by § 40-30-102(b). Based on these findings, the Court respectfully summarily **DISMISSES** the petition.

The trial court entered this order on September 9, 2015. The Petitioner filed his notice of appeal on October 14, 2015.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition without holding a hearing to determine whether an exception to the one-year statute of limitations existed. He asserts that he "may or may not have been representing himself since his conviction" and that, while that alone is not a basis for tolling the statute of limitations, the trial court should have held a hearing to determine whether there was such a basis. He offers no reason why the statute of limitations should be tolled. The State counters that the appeal should be dismissed because the Petitioner did not timely file his notice of appeal. It further contends that the post-conviction court correctly determined that the post-conviction petition was not timely filed. We agree with the State.

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from[.]" However, the rule further provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the

3

interest of justice." *Id.* As we will explain, we conclude that the interest of justice does not require our waiving the untimeliness of the filing of the appeal notice, and we decline to do so.

Although the Petitioner argues that the trial court erred when it did not hold a hearing to determine whether an exception to the one-year statute of limitations existed, he offers no explanation on appeal about what exception applies. His only contention is that he "may or may not have been representing himself." This is not grounds to toll the statute of limitations. We cannot conclude that the interest of justice compels our waiving the untimeliness of this appeal. Accordingly, the appeal is dismissed.

### III. Conclusion

Based upon the foregoing authorities and reasoning, the appeal is dismissed.

_____
ROBERT W. WEDEMEYER, JUDGE

4